**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4327**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSEPH PANAGOPOULOS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Irene C. Berger, District Judge.  (1:10-cr-00099-1)

Submitted:  November 30, 2011         Decided:  December 7, 2011

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David O. Schles, LAW OFFICES OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  John Lanier File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Panagopoulos appeals his conviction and forty-six-month sentence imposed after he pled guilty to use of a communications facility to facilitate the distribution of oxycodone, in violation of 21 U.S.C. § 843(b), (d)(1) (2006). Panagopoulos' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but questioning whether Panagopoulos was denied effective assistance of counsel in the proceedings below, whether the district court erred by failing to order a competency evaluation before accepting Panagopoulos' guilty plea, and whether an alleged scrivener's error in the sealed statement of reasons constitutes reversible error. Panagopoulos was informed of his right to file a pro se supplemental brief but did not file one. Because we find no meritorious grounds for appeal, we affirm.

Panagopoulos asserts that he was denied the effective assistance of counsel because his attorney refused to seek a competency hearing prior to his entering his guilty plea and to subpoena witnesses to testify regarding his mental state. Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record before us, we decline to address Panagopoulos' claim in this appeal. See

2

United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (providing standard).

Next, Panagopoulos questions the propriety of his conviction on the grounds that he was not competent to enter a knowing and voluntary guilty plea and that his counsel's representation was ineffective. In light of these assertions, Panagopoulos alleges the district court erred by accepting his plea. Because Panagopoulos did not move in the district court to withdraw his guilty plea, our review is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Panagopoulos must show: (1) there was an error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Panagopoulos makes this three-part showing, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

We have carefully reviewed the record and conclude Panagopoulos cannot establish that the district court erred by failing to conduct a competency hearing prior to accepting his guilty plea. While it is true that a court "must ensure that the defendant is competent to enter the plea," United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999), the district court did

so during Panagopoulos' Fed. R. Crim. P. 11 hearing. The district court closely questioned both Panagopoulos and his counsel as to Panagopoulos' competence and, after listening to their statements and observing Panagopoulos' demeanor first-hand, determined Panagopoulos had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding[] and . . . a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (stating test for legal competence). Thus, we conclude the district court had no reason to sua sponte order a competency hearing. See Godinez v. Moran, 509 U.S. 389, 401 n.13 (1993) ("[A] competency determination is necessary only when a court has reason to doubt the defendant's competence."). Moreover, the district court fully complied with Rule 11 and ensured that Panagopoulos entered his guilty plea knowingly and voluntarily and that a sufficient factual basis supported the plea. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Finally, Panagopoulos draws our attention to an alleged scrivener's error in the sealed statement of reasons. Because he raises this claim for the first time on appeal, our review is for plain error. Martinez, 277 F.3d at 525. Our review of the record leads us to conclude that there is no error — plain or otherwise — in the statement of reasons. See, e.g.,

4

United States v. Akpan, 407 F.3d 360, 378 & n.73 (5th Cir. 2005) (concluding that "24 months" in 18 U.S.C. § 3553(c) (2006) refers to span of Guidelines range, not actual sentence imposed).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Panagopoulos, in writing, of the right to petition the Supreme Court of the United States for further review. If Panagopoulos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Panagopoulos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5